C. E. PENNINGTON COMPANY, INC.,
et al., Appellants,

v.

Tracy Leon WINBURN et al., Appellees.

Supreme Court of Kentucky.

Jan. 9, 1976.

As Modified on Denial of Rehearing
May 7, 1976.

Lional A. Hawse, Landrum, Patterson & Dickey, Lexington, for appellants.

W. Rodes Clay, Clay, Dykeman, Gartland & Watts, Lexington, for appellees.

C. Kilmer Combs, Kelsey E. Friend Law Firm, Pikeville, for amicus curiae Rodney Fuller.

William A. Rice, Rice & Huff, Harlan, for United States Steel Corp., National Independent Coal Operators Assn., and Harlan County Coal Operators Assn.

Carl Arthur Henlein, John W. Bilby, Middleton, Reutlinger & Baird, Louisville, for International Harvester Co., Associated Industries of Kentucky and Louisville Chamber of Commerce.

Armer H. Mahan, Davis & Mahan, Louisville, for Commercial Union Assurance Co., Transport Ins. Co., and Kentucky Carbon Coal Corp.

Larry L. Johnson, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Old Republic Ins. Co.

JONES, Justice.

This appeal is from the Workmen's Compensation Board's award of $39.25 per week for a 20% permanent-partial disability to Tracy Leon Winburn.

Pennington and Insurance Company of North America filed a petition for review in the Fayette Circuit Court. On April 30, 1975, the Fayette Circuit Court affirmed the board. Pennington and its insurance company have appealed.

Winburn, a 39-year-old carpenter, was employed by Pennington. On October 5, 1973, he received a work-related injury which destroyed the vision in his left eye.

At the time of his injury his weekly earnings were $314.00. He was married and had two children. The medical testimony indicated that Winburn had a 20% permanent-partial disability. The evidence revealed that Winburn not only returned to work for Pennington, but also was discharged without explanation three days later. At the time the matter was before the circuit court, Winburn was employed at an hourly rate of $3.50.

This appeal presents two issues for the court's determination.

First, Pennington and its insurance carrier contend that the board erred in not limiting the award to the benefits schedule set out in KRS 342.730(1)(c)(16). They insist that the award should be 20% of the maximum award of $81.00.

Secondly, Pennington and its insurance carrier contend that the award exceeded the limitation imposed by KRS 342.740(1).

■ The first contention that the recovery, permitted by the schedule of benefits as set out in KRS 342.730(1)(c)(16), is mandatory is totally without merit. Under the provisions of KRS 342.730(1)(c)(27), the law provides that if any of the injuries affects an employee's ability to labor or limits his occupational opportunities to obtain the type of work he is customarily able to do, his compensation benefits shall not be limited by KRS 342.730(1)(c)(16) and he shall be awarded compensation under other applicable or appropriate sections of the Workmen's Compensation statutes dealing with compensation. This court is of the opinion that there was ample evidence before the board to justify the application of KRS 342.730(1)(c)(27).

■ Next, counsel for Pennington and its insurance carrier, argues that the award to Winburn exceeded the limitation imposed by KRS 342.740(1). That is simply not so. At the time of Winburn's injury, the average weekly wage of the state was $135.01. KRS 342.740(1) provides that the maximum weekly income benefit shall not exceed 60% of the average weekly wage of the state. Since 60% of the average weekly rate is $81.00, the board's award of $39.25 per week is less than the maximum.[1] Pennington and its insurance carrier argue that the sum of $81.00 must be multiplied by the percentage of disability (20%) which would award Winburn the sum of $16.20, and that the board erred in not so doing. This court is of the opinion that KRS 342.740 imposes no such limitation. Since the award of $39.25 per week to Winburn is under the maximum of $81.00 per week, the board's award was proper.

Accordingly, the judgment is affirmed.

All concur, except REED, C. J., and PALMORE, J., who dissent.

PALMORE, Justice (dissenting).

KRS 342.730(1)(b), as it applies to this case, provides that compensation shall be 62½% of the claimant's average weekly wage ($314), "subject to the limitations contained in KRS 342.740 [$81], multiplied by the percentage of disability [20%] . ." The question is whether the $81 limit contained in KRS 342.740 applies to 62½% of $314 ($196.25) or to 20% of that figure ($39.25). The critical phrase, "subject to the limitations contained in KRS 342.740," is set out in commas after the words, "The compensation . . . shall be 55% of the average weekly earnings [plus 2.5% for each dependent up to three]," and before the words, "multiplied by the percentage of disability," etc. Assuming that the drafter of the statute had some degree of proficiency in the use of the English language and had a conscious reason for this placement of the "subject to" phrase, it can mean only that the $81 limitation of KRS 342.740 applies to the percentage-of-wage figure, and not to the fraction of that figure represented by percentage of disability. I am therefore convinced that the majority opinion does

---

1. The board computed the award to be $39.25 per week by multiplying Winburn's weekly wage of $314.00 by 62½ by 20% (the disability awarded Winburn). $314.00 x .62½ x 20% = $39.25.

not comport with the statute, for which reason I dissent.

REED, C. J., concurs in this dissenting opinion.